# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM KAVON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, <br><br> Defendant. | Case No. 20–cv–15475–KM–ESK |
| WILLIAM MARTIN BURBANK, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, <br><br> Defendant. | Case No. 21–cv–01711–KM–ESK <br><br><br> OPINION |

**KIEL**, U.S.M.J.

Defendant BMW of North America, LLC (BMW) moves to consolidate *Kavon v. BMW of North America, LLC*, Case No. 20-cv-15475-KM-ESK (*Kavon*), with *Burbank v. BMW of North America, LLC*, Case No. 21-cv-01711-KM-ESK (*Burbank*) (Motion).[1] (*Kavon* ECF No. 33; *Burbank* ECF No. 50.) The Motion has been fully briefed, with the plaintiffs in *Kavon* (Kavon Plaintiffs) supporting consolidation, and the plaintiffs in *Burbank* (Burbank Plaintiffs) opposing it. (*Burbank* ECF No. 54; *Kavon* ECF Nos. 36, 40, 41.)

---

[1] References to docket entries in *Kavon* shall be denoted as "*Kavon* ECF No." References to docket entries in *Burbank* shall be denoted as "*Burbank* ECF No."

*Kavon* and *Burbank* are nearly identical class action cases. However, *Kavon* seeks to create a nationwide class along with subclasses from four different states, including California. *Burbank*, by contrast, seeks to create a class of California plaintiffs only.

BMW, noting that the cases are practically identical in every other respect (*Kavon* ECF No. 33-1 pp. 11–14, 17–24), seeks consolidation for all purposes and asks the Court to direct the filing of a single, consolidated complaint. Kavon does not object (*Kavon* ECF No. 36), but Burbank does (*Burbank* ECF No. 54). Burbank would prefer that the cases be consolidated only for discovery and case management purposes. (*Id.* p. 5.) Burbank argues that counsel for the Kavon Plaintiffs will not adequately advance the interests of the Burbank Plaintiffs. Specifically, Burbank requests a California-plaintiffs-only class, noting that "California has some of the strictest lemon law statutes … provid[ing] for liability and an array of damages … that other lemon laws do not—specifically the federal Magnuson-Moss Act[.]" (*Id.* p. 6.)

For the reasons stated herein, the Motion is **GRANTED in part**. At this juncture, the *Kavon* and *Burbank* cases shall be consolidated for purposes of discovery and case management only.

## BACKGROUND

Kavon filed a complaint against BMW on October 23, 2020 in the United States District Court for Central District of California. (*Burbank* ECF No. 54-2.) He voluntarily dismissed that complaint a week later (*Burbank* ECF No. 54-3), and refiled the same complaint in this Court on November 2, 2020 (*Kavon* Complaint) (*Kavon* ECF No. 1).

The *Kavon* Complaint sought to certify a nationwide class of individuals who purchased BMW vehicles equipped with an "Electrical System: Propulsion System: Traction Battery," including the 2020–21 BMW "530e, 530e xDrive, 530e iPerformance and X3 xDrive30e and MINI Cooper Countryman All4 SE, 2020

2

BMW i8, and 2021 330e, 330e xDrive, 745Le xDrive and X5 xDrive45e" (Class Vehicles). (*Id.* ¶ 28.) The *Kavon* Complaint primarily sought a nationwide class, requesting certification of a California state subclass "[i]n the alternative" and "only in the event that the Court declines to certify the Nationwide Class." (*Id.* ¶ 30).

The *Kavon* Complaint alleges that the Class Vehicles had "a serious manufacturing defect that causes the battery system to be unreasonably dangerous, due to debris in the manufacturing process[.]" (*Id.* ¶ 10.) Kavon brought claims under the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq.*, a number of claims under California's Song-Beverly Act, Cal. Civ. Code § 1790, and Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et seq.*, along with a claim for breach of the covenant of good faith and fair dealing. (*Id.* pp. 12, 14, 16–18, 23.)

On December 3, 2020, Burbank filed a California-only class action in the United States District Court for the Central District of California (*Burbank* Complaint), which alleged the same claims based on the same conduct as alleged in Kavon's suit. (*Burbank* ECF No. 1.) The *Burbank* Complaint differed from the *Kavon* Complaint insofar as Burbank sought to represent a California-only class on a standalone basis, rather than as part of a nationwide class bringing MMWA claims. (*Id.* ¶ 33.) The near-identity of these actions does not appear to be a coincidence; the *Burbank* Complaint "borrows" from the pleadings in *Kavon* verbatim. (*See Kavon* ECF No. 33-1 pp. 11, 12 (citations omitted).)

On January 25, 2021, Kavon filed an amended complaint which added additional state subclasses for Virginia and Nevada (*Kavon* ECF No. 14 pp. 8, 9), still pleaded as "[i]n the alternative" and "only in the event that the Court declines to certify the Nationwide Class." (*Id.* ¶ 32.) On March 22, 2021, Kavon amended his complaint again, removing the Virginia subclass but adding Texas and Minnesota subclasses. (*Kavon* ECF No. 32 ¶ 34.) This time, Kavon changed the way that the state subclasses were pleaded by seeking certification

3

of those classes "[i]n addition to the Nationwide class." (*Id.*) This modification eliminated the most significant difference between his suit and Burbank's.

Three days later, BMW filed the Motion seeking consolidation. (*Kavon* ECF No. 33.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure (Rule) 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a). The Court has broad discretion in applying this rule and should focus on the "interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Easton & Co v. Mut. Benefit Life Ins. Co.*, Nos. 91-04012 and 92-02095, 1992 WL 448794, at *4 (D.N.J. Nov. 4, 1992) (citation omitted).

The actions need not "be identical before they may be consolidated," but instead must simply share "common question[s] of law or fact." *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998) (citing Rule 42). "The purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" *Cima Labs, Inc. v. Actavis Grp. HF*, Nos. 07-00893, 06-01970, 06-01999, 2007 WL 1672229, at *5 (D.N.J. June 7, 2007) (quoting *In re TMI Litig.*, 193 F.3d 615, 724 (3d Cir. 1999)).

The parties do not dispute that these cases could be consolidated completely. The only important difference between *Kavon* and *Burbank* appears to be that *Kavon* sweeps more broadly because it encompasses additional subclasses and a nationwide class. The cases clearly share "common questions of law or fact."

Because *Burbank* is subsumed within *Kavon*, any motion practice on the cases will likely make the same arguments, and the discovery will overlap. The

purpose of consolidation is to avoid such duplication. *Cima Labs*, 2007 WL 1672229, at *8 ("consolidation will avoid duplication of efforts by the parties"); *see also Avram v. Samsung Elecs. Am. Inc.*, Nos. 11-06973 and 12-00976, 2013 WL 3654090, at *3 (D.N.J. July 11, 2013) (noting consolidation of two cases where complaints were identical except one also alleged a violation of a Maryland statute); *Knox v. Samsung Elecs. Am., Inc.*, No. 08-04308, 2009 WL 1810728, at *11 (D.N.J. June 25, 2009) (consolidating class actions where "the difference between them is primarily that [one] seeks to certify a smaller class only under the theories of certain specific state consumer fraud acts and unjust enrichment").

Burbank seeks to avoid consolidation for a number of reasons. He claims that Kavon is not committed to maintaining a truly separate California subclass (*Burbank* ECF No. 54 p. 6), noting that Kavon pleaded the California subclass as in the alternative, and only in the event that his preferred nationwide class was denied (*id.* p. 11), until just three days before BMW filed this motion to consolidate (*id.* p. 12). Burbank claims Kavon added the California subclass purely to aid BMW's motion to consolidate and worries that California class members will be ill-served by a nationwide class because California law offers remedies superior to the MMWA.

Burbank also argues that Kavon's nationwide class will inevitably fail because BMW has a defense against Kavon's MMWA claim under *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020). He argues that after the nationwide class fails, all that remains will be state law claims based on the law of California, Minnesota, Nevada, and Texas, and suggests that the California class might be transferred back to California. (*Burbank* ECF No. 54 pp. 12, 13.) He argues the Court therefore will be better situated to determine whether consolidation is appropriate after it addresses BMW's motion to dismiss. (*Id.* p. 13.)

I agree with Burbank. This case, at this juncture, should be consolidated for discovery and case management purposes only. The merits of Burbank's

5

claim that *Floyd* threatens *Kavon*'s nationwide class are not before me, but Burbank's point is taken that there are unresolved questions over whether such a class could be maintained and, if it cannot, whether the California, Minnesota, Nevada and Texas class claims would properly be brought together in New Jersey.

Any consideration of consolidating the parties' complaints for all purposes should await resolution of BMW's motion to dismiss. In the meantime, it appears inadvisable to scramble *Kavon* and *Burbank*, only to have to unscramble them later. Any lurking concerns about attorneys attempting to "control" this litigation (*Burbank* ECF No. 54 p. 6; *Kavon* ECF No. 40 p. 10; *Kavon* ECF No. 41 p. 7) are best addressed later, once BMW's motion to dismiss is resolved.

## CONCLUSION

For the foregoing reasons, BMW's motion to consolidate is **GRANTED** to the extent that the parties will coordinate discovery and case management.

An appropriate order accompanies this Opinion.

        */s/ Edward S. Kiel*
        **EDWARD S. KIEL**
        **UNITED STATES MAGISTRATE JUDGE**

Date: July 20, 2021